[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15264
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00356-WTH-PRL


STEVEN MARTINEZ,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 13, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Steven Martinez, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of subject-matter jurisdiction.  Martinez claims that he is actually innocent of murdering a federal employee because newly discovered evidence shows that his victim, Guillermo Gonzalez, was not employed by the United States Postal Service at the time of his death.  After careful review, we affirm.

Martinez's first federal habeas petition was denied by the United States District Court for the Southern District of New York, and he has neither sought nor received permission from this Court to file a second or successive petition.  Thus, a federal court may not consider his petition unless he satisfies the requirements of 28 U.S.C. § 2255(e).  That provision, known as the "savings clause," reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added).

The applicability of the savings clause is a question of subject-matter jurisdiction.  <u>Bryant v. Warden</u>, 738 F.3d 1253, 1262–63 (11th Cir. 2013).  In order to bring an actual-innocence claim under the savings clause, a petitioner must establish that (1) his claim "is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes [he] was

convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a

claim at the time it otherwise should have been raised in [his] trial, appeal, or first

§ 2255 motion." Id. at 1264 (quotation marks omitted).

Martinez's claim that Gonzalez was not a federal employee meets none of

these three requirements.[1] Thus, the district court correctly found that it did not

have jurisdiction to consider Martinez's § 2241 petition.

**AFFIRMED.**

---

[1] Specifically, Martinez argues that the USPS's failure to produce Gonzalez's personnel file in response to his Freedom of Information Act request shows that Gonzalez was not employed by the USPS. However, as the Second Circuit explained in denying Martinez's request to file a second or successive habeas petition based on this exact claim, "[t]he lack of a personnel file does not prove that the victim was not a postal employee and, in any event, Petitioner does not explain why the issue could not have been explored prior to, or at, trial."